# UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

---

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 20-72604-SCS |
| ROYAL GOVERNOR, | ) | |
| | ) | |
| *Debtor.* | ) | Chapter 13 |
| | ) | |

---

## ORDER DISMISSING CASE FOR FAILURE TO COMPLY WITH 11 U.S.C. § 109(h)(1)

The above-captioned bankruptcy case was filed by Royal Governor, *pro se*, on September 23, 2020. Pursuant to 11 U.S.C. § 109(h)(1), an individual must receive credit counseling from an approved agency during the 180-day period ending on the date of the filing of the petition to be eligible to be a debtor under Title 11, unless the individual qualifies for one of the specific exceptions designated in §§ 109(h)(2), 109(h)(3), or 109(h)(4).

In Part 5 of the Voluntary Petition, entitled "Explain Your Efforts to Receive a Briefing About Credit Counseling," Mr. Governor certified under penalty of perjury: "I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion."

A debtor who makes the foregoing certification is required to attach a copy of the Certificate of Credit Counseling ("Certificate"). Mr. Governor filed a Certificate on September 28, 2020. The Certificate reflects that Mr. Governor received credit counseling on September 28, 2020, which is after the 180-day period ending on the date of the filing of the petition. None of the exceptions to the requirement set forth in § 109(h)(1) are applicable in the above-captioned bankruptcy case.

Therefore, the Court finds that Mr. Governor is not eligible to be a debtor in the above-captioned case for failure to comply with § 109(h)(1) and the case must be dismissed.

Accordingly, the Court ORDERS that the above-captioned bankruptcy case is DISMISSED.

The balance of the filing fee in the amount of $310.00 remains outstanding.

It is further ORDERED that the dismissal of this case revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case. The Trustee need not file a final report in this case unless property or money was administered.

The Clerk shall deliver copies of this Order to Royal Governor, the Chapter 13 Trustee, and all creditors and parties in interest.

IT IS SO ORDERED.

/s/ Stephen C St-John

Oct 2 2020

STEPHEN C. ST. JOHN
United States Bankruptcy Judge

Entered On Docket: Oct 2, 2020